UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WELLS FARGO BANK, N.A., a national banking association,

Plaintiff,

v.

RESOURCES GROUP, LLC, a Nevada limited-liability company as trustee of the BOURNE VALLEY COURT TRUST; CORTEZ HEIGHTS HOMEOWNERS ASSOCIATION, a Nevada non-project corporation; G&P ENTERPRISES, LLC dba ALLIED TRUSTEE SERVICES, a California limited-liability company,

Defendants.

Case No. 2:17-cv-01124-RFB-VCF

**ORDER**

## I. INTRODUCTION

Before the Court is Defendant Resources Group, LLC as trustee for the Bourne Valley Court Trust's Renewed Motion to Dismiss. ECF No. 34.

In the complaint filed April 24, 2017, Plaintiff states five causes of action: (1) declaratory relief pursuant to the Fifth Amendment takings clause; (2) declaratory relief pursuant to the Fifth and Fourteenth Amendment due process clauses; (3) wrongful foreclosure; (4) violation of NRS 116.113 *et seq.*; and (5) quiet title. ECF No. 1.

For the reasons stated below, the Court grants the Renewed Motion to Dismiss.

## II. FACTUAL BACKGROUND

The Court summarizes the facts alleged in Plaintiff's complaint. ECF No. 1.

On or about November 30, 2004, nonparties Edgar Treyes and Cecilia Treyes obtained title

to a property located at 5332 La Quinta Hills St., North Las Vegas, Nevada 89081 (APN 124-35-215-124) ("the Property"). On December 1, 2004, the Grant, Bargain, Sale Deed was recorded in the Office of the Clark County Recorder as Instrument Number 20041201-0004514.

Edgar and Cecilia Treyes purchased the Property with a loan and executed a promissory note in the original amount of $170,411.00. The Note was secured by a Deed of Trust in favor of World Savings Bank, FSB as the lender. The Deed of Trust was recorded by the Recorder's Office on December 1, 2004, as Instrument Number 20041201-004515. Wells Fargo is the successor to World Savings Bank, FSB, and owner of the Note and Deed of Trust.

On or about July 5, 2011, a Notice of Delinquent Assessment was recorded in the Recorder's Office as Instrument Number 201107050000574. The Notice of Delinquent Assessment was submitted by G&P Enterprises, LLC dba Allied Trustee Services ("Allied") on behalf of Cortez Heights Homeowners Association ("Cortez Heights") for outstanding amounts owed.

On August 3, 2011, a Notice of Default and Election to Sell under Notice of Delinquent Assessment ("Notice of Default") was recorded in the Recorder's Office as Instrument Number 201108030002541. The Notice of Default was submitted by Allied on behalf of Cortez Heights for outstanding amounts owed.

On February 28, 2012, a Notice of Trustee's Sale was recorded in the Recorder's Office as Instrument Number 201202280001054. The Notice of Trustee's Sale was submitted by Allied on behalf of Cortez Heights for outstanding amounts owed.

On or about May 15, 2012, a Trustee's Deed upon Sale ("Trustee's Deed") was recorded in the Recorder's Office as Instrument Number 201205150002553. The Trustee's Deed was submitted by Allied on behalf of Cortez Heights and showed Resources Group, LLC as Trustee for "La Quinta Hills Street Trust" purchased the Property for $3,564 at public auction on April 24, 2012.

On or about May 29, 2012, Resources Group, LLC as trustee for La Quinta Hills Street Trust executed a Grant, Bargain, Sale Deed purporting to convey the Property to Resources Group, LLC as trustee for the Bourne Valley Court Trust.

### III. PROCEDURAL BACKGROUND

Plaintiff filed its Complaint on April 24, 2017. ECF No. 1.

On June 23, 2017, then-Defendant Allied filed a Motion to Dismiss or in the Alternative, for Summary Judgment. ECF No. 11. On June 26, 2017, Defendant Cortez Heights filed an Answer. ECF No. 14. On July 12, 2017, Defendant Resources Group, LLC filed a Motion to Dismiss. ECF No. 17. On July 28, 2017, Plaintiff voluntarily dismissed its claim against G&P Enterprises, LLC. ECF Nos. 23, 24.

On August 23, 2017, the Court entered a scheduling order. ECF No. 27. Discovery was scheduled to conclude on May 23, 2018. Id.

On March 29, 2018, the Court issued a stay in the case pending the Nevada Supreme Court's decision on a certified question of law regarding NRS 116's notice requirement to the Nevada Supreme Court in Bank of N.Y. Mellon v. Star Hill Homeowners Ass'n, Case No. 2:16-cv-02561-RFB-PAL and denied all pending motions without prejudice. ECF No. 33. The Nevada Supreme Court published an answer to the certified question on October 3, 2018. SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018).

Defendant Resources Group filed the instant Renewed Motion to Dismiss on August 23, 2018. ECF No. 34.

### IV. LEGAL STANDARD

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

## V. DISCUSSION

For the reasons stated below, the Court grant Resources Group's Motion to Dismiss. Because the Court's reasoning applies to all Defendants, the Court dismisses each of Plaintiff's claims in their entirety and closes the case.

### a. Takings Clause

In Plaintiff's first cause of action, Plaintiff alleges that the foreclosure effected a regulatory taking of its secured interest in the property. Resources Group argues that this issue has been dispositively decided by the Nevada Supreme Court in <u>Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A.</u>, 388 P.3d 970, 975 (Nev. 2017) (holding that "the extinguishment of a subordinate deed of trust through an HOA's nonjudicial foreclosure does not constitute a governmental taking"). Plaintiff responds that the Court is not bound by the Nevada Supreme Court on federal constitutional matters and argues that the state's authorization of the extinguishment of Plaintiff's property interest constitutes a *per se* physical taking requiring compensation.

While Plaintiff is correct that <u>Saticoy Bay</u> does not bind the Court, the Court finds the Nevada Supreme Court's reasoning persuasive. In some instances, a state's regulation of private property may "be so onerous that its effect is tantamount to a direct appropriation or ouster," compensable under the takings clause. <u>Lingle v. Chevron U.S.A. Inc.</u>, 544 U.S. 528, 537 (2005). The Supreme Court has recognized two categories of *per se* takings that can arise from government regulation of private property. <u>Id.</u> at 538. First, "where government requires an owner to suffer a permanent physical invasion of her property—however minor—it must provide just compensation." <u>Id.</u> "A second categorical rule applies to regulations that completely deprive an owner of all economically beneficial use of her property." <u>Id.</u> (internal citation omitted). The allegations in this case do not fall into either one of these *per se* categories of regulatory taking.

If no *per se* category applies to regulatory action, the Court looks to economic impact, particularly interference with "distinct investment-backed expectations," as well as whether the interference "can be characterized as a physical invasion by government" or whether it merely "adjust[s] the benefits and burdens of economic life to promote the common good." <u>Penn Cent. Transp. Co. v. City of New York</u>, 438 U.S. 104, 124 (1978). Here, the statutory scheme at issue

merely establishes the priority of liens. It does not directly interfere with any distinct investment-backed expectations, particularly where the acquisition of the property interest occurred well after the enactment of NRS 116.3116 in 1991. Most importantly, the statutory scheme clearly lays out the order of priorities so there cannot be a misunderstanding in terms of expectations regarding the operation of NRS Chapter 116 at the time one acquires an interest in real property in Nevada. Thus, the Court finds that the sale as alleged in Plaintiff's complaint cannot constitute a governmental taking as a matter of law.

### b. Due Process Clauses

In Plaintiff's second cause of action, Plaintiff alleges that NRS Chapter 116 violates constitutional due process on its face. Resources Group correctly identifies that Plaintiff's due process claim is foreclosed by Nevada Supreme Court case law. In Bourne Valley Court Trust v. Wells Fargo Bank, NA, the Ninth Circuit held that the opt-in notice scheme outlined in NRS Chapter 116 did not meet the minimum requirements of constitutional due process and that NRS 116.31168 did not incorporate the notice requirements of NRS 107.090. 832 F.3d 1154, 1158–59 (9th Cir. 2016), cert. denied, 137 S. Ct. 2296 (2017). Importantly, the Nevada Supreme Court had not yet had a direct opportunity to construe the applicable statutes. The Nevada Supreme Court thereafter held that NRS 116.31168 incorporated the notice requirements of NRS 107.090. SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248, 1252 (Nev. 2018). Thus, the Nevada Supreme Court found notice to be mandatory to interest holders like Plaintiff. Id. As the Nevada Supreme Court had not previously had an opportunity to explicitly construe the respective state statutes in terms of their notice requirements and as the Nevada Supreme Court is the final arbiter of the construction of Nevada statutes, this Court must follow the Nevada Supreme Court's interpretation of Nevada statutes in this case. California Teachers Ass'n v. State Bd. of Educ., 271 F.3d 1141, 1146 (9th Cir. 2001) (explaining that "it is solely within the province of the state courts to authoritatively construe state legislation"); Owen By & Through Owen v. United States, 713 F.2d 1461, 1464 (9th Cir. 1983) (noting that Ninth Circuit's interpretation of state law is only binding to the extent there is no subsequent indication from the state court that the interpretation was incorrect). This Court has previously found consistent with the Nevada Supreme Court's interpretation of Nevada law that NRS 107.090 as incorporated by the Nevada

HOA lien statute satisfies due process requirements. <u>JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC</u>, 200 F. Supp. 3d 1141, 1160–61 (D. Nev. 2016). The Court incorporates that prior reasoning by reference. Based upon the holding of the Nevada Supreme Court in <u>SFR Investments Pool 1</u> and this Court's prior analysis, the Court finds that Nevada's statutory scheme in NRS Chapter 116 does not violate due process. Therefore, Plaintiff's contention that the statute facially violates its due process rights fails as a matter of law.

The Court does not find that the alleged actual notice in this case deprived Plaintiff of due process under the federal constitution. The Court again incorporates by reference its previous determination that no state action occurs in a nonjudicial foreclosure under NRS Chapter 116. However, even assuming state action, before a state takes any action that will adversely "affect an interest in life, liberty, or property . . . , a State must provide 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" <u>Mennonite Bd. of Missions v. Adams</u>, 462 U.S. 791, 795 (1983) (quoting <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950)). "The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance." <u>Mullane</u>, 339 U.S. at 315 (citations and quotations omitted). And "if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied." <u>Id.</u>

The Court finds, based upon Plaintiff's own allegations, that Plaintiff received notice of Cortez Heights's intent to sell the property long before Cortez Heights took any action to foreclose upon the its lien. The Notice of Default was recorded on August 3, 2011 and the Notice of Trustee's Sale was recorded on February 28, 2012, providing adequate notice before the April 24, 2012 auction. Plaintiff does not allege that it was unaware of these notices. Rather, Plaintiff alleges that these notices were insufficient because they did not indicate the possibility that Plaintiff's interest could be extinguished by the sale, or the super-priority amount of the lien versus the amount of other fees or charges. However, because Plaintiff had notice for several months of the intended sale of the property, Plaintiff had sufficient opportunity to invoke whatever means available, including court intervention or engaging the foreclosing entities, to prevent or halt the

6

sale. It did not. "[I]t is well established that due process is not offended by requiring a person with actual, timely knowledge of an event that may affect a right to exercise due diligence and take necessary steps to preserve that right." In re Medaglia, 52 F.3d 451, 455 (2d Cir. 1995). Plaintiff's due process claim must consequently fail as a matter of law.

### c. Wrongful Foreclosure

In Plaintiff's third cause of action, Plaintiff alleges that Resources Group was not a bona fide purchaser and Resource Group's $3,564 purchase price for the property was commercially unreasonable. Plaintiff also reiterates its constitutionality arguments discussed above.

#### i. Bona Fide Purchaser

Resources Group argues that it is necessarily a bona fide purchaser because the complaint fails to specify any defects in the foreclosure sale of which Resources Group was on notice prior to the sale. Plaintiffs responds that at the motion to dismiss stage, it need only allege that Resources Group was not a bona fide purchaser, as whether a purchaser is bona fide is a question for the trier of fact. The Court agrees with Defendant.

A bona fide purchaser is one who "takes the property 'for a valuable consideration and without notice of the prior equity, and without notice of facts which upon diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry.'" Shadow Wood HOA v. N.Y. Cmty. Bancorp., 366 P.3d 1105, 1115 (Nev. 2016) (quoting Bailey v. Butner, 176 P.2d 226, 234 (Nev. 1947). The Court finds that because Plaintiff fails to allege any legally cognizable defects with the sale in its complaint, the bona fide purchaser doctrine is not at issue in this case. See Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC, No. 70653, 2017 WL 1423938, at *3 n.4 (Nev. App. Apr. 17, 2017) (unpublished).

#### ii. Commercial Reasonableness

Plaintiff's arguments regarding commercial reasonableness or inadequacy of price must be rejected based upon Nevada law and clear Nevada Supreme Court precedent. NRS Chapter 116 does not contain any provisions requiring that an HOA foreclosure sale be commercially reasonable, nor does it provide for parties to be able to set aside foreclosure sales as being commercially unreasonable. Chapter 116 *does* require that "[e]very contract or duty governed by

this chapter imposes an obligation of good faith in its performance or enforcement." NRS 116.1113. "Good faith" is defined in the Nevada Revised Statutes as meaning "honesty in fact and the observance of reasonable commercial standards of fair dealing." NRS 104.1201(t). This definition only applies, however, to the extent that an action is governed by another article of the Uniform Commercial Code ("UCC") as adopted in Nevada. NRS 104.1102. The Nevada Supreme Court has clearly held that HOA foreclosure sales are not governed by the commercial reasonableness standard of the UCC as adopted in Nevada: "we hold that [commercial reasonableness] has no applicability in the context of an HOA foreclosure involving the sale of real property. As to the Restatement's 20-percent standard, we clarify that Shadow Wood did not overturn this court's longstanding rule that inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale absent additional proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon, 405 P.3d 641, 642–43 (Nev. 2017) (internal citations omitted). Thus, Plaintiff's arguments in this regard are contrary to Nevada law and must be rejected.

### d. Violation of NRS Chapter 116

In Plaintiff's fourth cause of action, Plaintiff alleges that Cortez Heights and former Defendant Allied failed to provide adequate notice pursuant to statutory requirements. Specifically, Plaintiff alleges that Cortez Heights and Allied failed to identify (i) the super-priority amount at issue; (ii) the consequences of the failure to pay such amounts; (iii) where or how to pay such amounts; (iv) to what extent the amounts alleged as owed consisted of other deficiency amounts, late fees, interest, fines, or collection fees and costs; (v) whether the sale was on the super- or sub-priority portion of the purported lien; and (vi) whether the Deed of Trust would be extinguished by the sale.

The Court dismisses Plaintiff's allegations that the foreclosure in this case did not provide the proper notice under Nevada law. Plaintiff has not identified in its allegations those portions of the respective notice statutes under NRS Chapter 116 that were specifically violated. NRS Chapter 116, particularly NRS 116.31162 and NRS 116.311635, do not require notices regarding an HOA

8

foreclosure sale to identify any of the information which Plaintiff alleges should have been included. Moreover, the Nevada Supreme Court explicitly rejected the argument that notices for HOA foreclosure sales must separately identify the super-priority portion of the lien. <u>SFR Investments Pool 1 v. U.S.Bank</u>, 334 P.3d 408, 418 (Nev. 2014) (explaining that "[t]he notices went to the homeowner and other junior lienholders, not just U.S. Bank, so it was appropriate to state the total amount of the lien"). Plaintiff's allegations do not state a plausible claim that the foreclosure in this case violated NRS Chapter 116's notice requirements.

      e. **Quiet Title**

Plaintiff's fifth cause of action merely reiterates its allegations above and requests declaratory relief. It is therefore dismissed for the reasons stated above.

Moreover, because Plaintiff's claims are foreclosed by law in their entirety, the Court declines to address Resources Group's arguments regarding unclean hands, failure to mitigate, and lack of equity jurisdiction.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Resources Group, LLC's Renewed Motion to Dismiss is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's claims against all Defendants are DISMISSED with prejudice. The Clerk of Court is instructed to close this case.

DATED: <u>March 26, 2019</u>.

                                                   _____
                                                   RICHARD F. BOULWARE, II
                                                   UNITED STATES DISTRCIT JUDGE